**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

CASE NO.:

LINDEY COLEMAN, an individual,

    Plaintiff,

v.                                                                                                     CIV-21-602-D

AUTO FINANCE USA, LLC, an Oklahoma
limited liability company, and ROCO TOWING
AND RECOVERY, LLC, an Oklahoma limited
liability company,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Lindey Coleman, an individual, sues Defendants, Auto Finance USA, LLC, an Oklahoma limited liability company, and Roco Towing and Recovery, LLC, an Oklahoma limited liability company, and alleges:

**GENERAL ALLEGATIONS**

1. As detailed below, Ms. Coleman purchased and financed a used automobile through Key Cars. Without notice to Ms. Coleman, Defendants repossessed the vehicle notwithstanding the fact that Ms. Coleman was current in the payment of her obligations in her loan. When Ms. Coleman objected to the repossession, Defendants enlisted the police to force the taking of the car.

2. As a result of the acts of Defendants, Ms. Coleman seeks statutory and actual damages for *inter alia* violations of state and federal consumer protection laws.

**ALLEGATIONS AS TO PARTIES**

3. At all times material hereto, Plaintiff, Lindey Coleman ("Ms. Coleman"), was *sui juris* and a resident of Oklahoma City, Oklahoma.

4. At all times material hereto, Ms. Coleman resided at 4018 Springlake Drive, Oklahoma City, Oklahoma 73111 ("Coleman Residence").

5. At all times material hereto, Defendant, Auto Finance USA, LLC, ("Auto Finance USA"), was an Oklahoma limited liability company doing business as "The Key Cars" in Oklahoma City, Oklahoma.

6. At all times material hereto, Defendant, Roco Towing and Recovery, LLC ("Roco Towing"), was an Oklahoma limited liability company doing business in Oklahoma City, Oklahoma.

7. At all times material hereto, Auto Finance USA was in the business of providing, *inter alia,* consumer credit for the financing of used automobiles in Oklahoma County, Oklahoma.

8. At all times material hereto, Roco Towing was a "towing service" as that term is defined under 47 Okl. St. §951.

## FACTUAL ALLEGATIONS

### A. Financing of Vehicle by Ms. Coleman

9. On or about March 3, 2021, Ms. Coleman entered a Motor Vehicle Retail Installment Sales Contract ("RISC") with The Key, LLC, an Oklahoma limited liability company doing business as "The Key Cars" ("Key Cars").

10. A copy of the RISC is attached hereto and incorporated by reference as Exhibit "A."

11. Pursuant to the RISC, Ms. Coleman financed the purchase of a used 2015 Buick Encore motor vehicle, VIN # KL4CJASB2FB237658 ("Buick").

12. The RISC was assigned to Auto Finance USA by Key Cars for unknown consideration and under unknown terms.

13. Since the purchase of the Buick, Ms. Coleman used the Buick for her personal and household purposes, to wit: transportation to and from work, shopping, and personal appointments.

### B. Unlawful Repossession of Buick

14. Since purchasing the Buick, Ms. Coleman faithfully paid her monthly installments to Auto Finance USA under the RISC.

15. Unbeknownst to Ms. Coleman, the Buick had previously been subject to a prior loan agreement held by Auto Finance USA. As a result of an apparent default in the loan payments to Auto Finance USA by the prior owner, Auto Finance USA retained or caused to be retained Roco Towing for the purpose of recovering the Buick from the prior owner.

16. In the early morning hours of Thursday, June 3, 3021, at approximately 2:45 a.m., Ms. Coleman and her husband, Marvin Coleman (collectively, "the Colemans"), were awakened from their sleep by the loud sound of a vehicle in their front yard.

17. The Colemans jumped out of bed and went to the front door.

18. The Colemans were shocked to see a tow truck lining up behind the Buick in the driveway of the Coleman Residence.

19. The Colemans immediately exited the Coleman Residence and confronted the driver of the tow truck.

20. The Colemans demanded to know what was going on.

21. After the tow truck driver informed the Colemans that he was going to repossess the Buick, the Colemans emphatically and unequivocally informed the driver that Ms. Coleman were current in the payment of their car loan.

22. The tow truck driver responded that the Buick had been "*out for repo since September.*"

23. The Colemans then informed the tow truck driver that he was mistaken as Ms. Coleman had only purchased the Buick in March.

24. The Colemans again objected to the tow truck driver taking the Buick.

25. Instead of confirming what he had been told by the Colemans, the tow truck driver proceeded to contact the Oklahoma City Police Department ("Police Department") for assistance.

26. When a patrol woman with the Police Department arrived, the Colemans repeated their account to the patrol officer that they were current in their loan and that the tow truck driver was mistaken.

27. In response, the tow truck driver falsely represented that Roco Towing had "*updated its system in May*" and that the Buick was up for repossession because of non-payment by Ms. Coleman.

28. The Colemans again objected to the repossession of the Buick.

29. Instead of instructing the tow truck driver to leave the Coleman Residence, the police officer instead instructed the Colemans that they had to surrender the Buick.

30. Based on their life experience as a marginalized black people, out of fear of arrest, the Colemans acquiesced to the order of the police officer to let the tow truck driver remove the Buick.

31. While the encounter with the tow truck driver and the police officer was taking place, neighbors turned on their lights and watched from their homes to investigate the commotion. The Colemans were mortified.

32. The neighbors watching the Buick being removed from the Coleman Residence caused the Colemans great embarrassment and shame as it placed them into the false light of being in default in their car loan. Indeed, the intangible damage to the Colemans was exacerbated by the

fact that the neighbors – like the Colemans – had all been disturbed from their sleep on account of the repossession.

33. The next morning, after several telephone calls to Auto Finance USA, Auto Finance USA confirmed that it had wrongfully ordered the repossession of the Buick.

34. After several hours, the Buick was returned to the Coleman Residence at 7:15 PM.

## COUNT I - ACTION FOR VIOLATION OF FEDERAL
## FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692, *ET SEQ.*)
### *(AS TO ROCO TOWING)*

35. This is an action for violation of 15 U.S.C. §1692, *et seq.,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA").

36. Ms. Coleman realleges and reaffirms the allegations contained in Paragraphs 1 through 34 above as if set forth hereat in full.

37. At all times material hereto, Ms. Coleman was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

38. At all times material hereto, Auto Finance USA was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

39. At all times material hereto, the obligation under the RISC was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

40. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including:

>  (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if —
>
>  (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
>  (B) there is no present intention to take possession of the property; or

>  (C) the property is exempt by law from such dispossession or disablement.
>
>  15 U.S.C. §1692f(6)

41. Repossession agents such as Roco Towing are typically not within the definition of the term "debt collector" under 15 U.S.C. §1692a(6), except with respect to compliance with the requirements of 15 U.S.C. §1692f(6). *See, Goodwin v. His Choice Towing & Recovery,* 2019 WL 121219 (N.D. Ga. Jan. 14, 2019) [in granting summary judgment against a recovery agent, court held: "[b]ased on the undisputed facts in the record, Plaintiff was not in default at the time Defendants repossessed her Dodge Durango. Accordingly, Defendants lacked a present right to take possession of the Dodge Durango and violated Section 1692f(6)"] ; *Wright v. Santander,* 2018 WL 2095171 (M. D. Fla. May 1, 2018)*, see also, Smith v. AFS Acceptance, LLC*, 2012 WL 1969415 (M.D. Ill. 2012) [repossession agent is subject to the FDCPA if repossession occurs as a result of "breach of peace"]; *Purkett v. Key Bank USA, N.A.*, 2001 WL 503050 (N.D. Ill. 2001) [recovery agent which broke through locked door to repossess car sufficient to allege breach of peace for purposes of liability under 15 U.S.C. §1692f(6)].

42. As more particularly described above, Roco Towing has violated the FDCPA in that Roco Towing took possession of the Buick without legal right and through a breach of the peace under the UCC, in contravention of 15 U.S.C. §1692f(6)(A).

43. As a direct and proximate result of the violation of the FDCPA by Roco Towing, Ms. Coleman has been damaged. The damages of Ms. Coleman include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, and embarrassment.

44. Pursuant to 15 U.S.C. §1692k, Ms. Coleman is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorney's fees.

45. Ms. Coleman has retained the undersigned law office to represent her interests herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Lindey Coleman, demands judgment against Defendant, Roco Towing and Recovery, LLC, an Oklahoma limited liability company, for actual and statutory damages, together with interest, costs, and attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT II – ACTION FOR VIOLATION OF THE UCC
*(AS TO AUTO FINANCE USA)*

46. This is an action for violation of Article 9, Part VI of the UCC brought herein pursuant to the pendant jurisdiction of the Court.

47. Ms. Coleman realleges and reaffirms the allegations contained in paragraphs 1 through 34 above as if fully set forth herein.

48. At all times material hereto, the Buick was "collateral" as said term is defined under 12A Okl. St.. §1-9-102(12)

49. At all times material hereto, Ms. Coleman was a "debtor" as said term is defined under 12A Okl. St. §1-9-102(28).

50. At all times material hereto, the Buick constituted "consumer goods" as said term is defined under 12A Okl. St. §1-9-102(23).

51. At all times material hereto, Auto Finance USA was a "secured party" as said term is defined under 12A Okl. St. §1-9-102(73).

52. Pursuant to 12A Okl. St. §1-9-609, a secured party such as Auto Finance USA may take possession of collateral *after default* without judicial process, if it proceeds without breach of the peace and when it has the legal right to do so.

53. Pursuant to 12A Okl. St. §1-9-610, every aspect of the disposition of collateral,

including the method, manner, time, place and other terms must be commercially reasonable.

54. The repossession of the Buick involved a breach of the peace, was without legal right and was not commercially reasonable within the meaning of the UCC.

55. As a direct and proximate result of the above-described acts, Auto Finance USA is liable for all damages sustained by Ms. Coleman.

56. Pursuant to 12A Okl. St. §1-9-925, Ms. Coleman has the right to recover actual damages or an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time-price differential plus 10 percent of the cash price.

57. Ms. Coleman has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Lindey Coleman, an individual, demands judgment against Defendants, Auto Finance USA, LLC, an Oklahoma limited liability company, for actual and statutory damages together with interest and costs.

## COUNT III- ACTION FOR TRESPASS TO CHATTELS
*(AS TO BOTH DEFENDANTS)*

58. This is action for trespass of chattels brought herein pursuant to the pendant jurisdiction of the Court.

59. Ms. Coleman realleges and reaffirms the allegations contained in Paragraphs 1 through 34 above as if set forth hereat in full.

60. At all times material hereto, Ms. Coleman had legal and equitable ownership and lawful possession of the Buick at the time of its taking by Defendants.

61. Defendants interfered with the exclusive right to possession of Ms. Coleman of the Buick by repossessing the Buick without the authority of law.

62. Defendants intended to perform the acts that amounted to the unlawful interference with the personal property of Ms. Coleman.

63. Defendants had no legal authority or right to commit the act that amounted to the unlawful interference with the personal property of Ms. Coleman.

64. As a result of the above-described trespass to the chattel of Ms. Coleman, Ms. Coleman has been damaged. The damages of Ms. Coleman include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment, as well as loss of the use of the Buick while same was in the possession of Defendants.

65. The actions of Defendants were in wanton and reckless disregard for the rights of others to the extent that punitive damages are warranted.  Ms. Coleman reserves the right to amend her pleadings to seek punitive damages upon completion of appropriate discovery and subsequent proffer.

WHEREFORE, Plaintiff, Lindey Coleman, an individual, demands judgment against Defendants, Auto Finance USA, LLC, an Oklahoma limited liability company, and Roco Towing and Recovery, LLC, an Oklahoma limited liability company, for damages, both jointly and severally, together with interest and court costs.

### COUNT IV- ACTION FOR TRESPASS TO REAL PROPERTY
*(AS TO BOTH DEFENDANTS)*

66. This is action for trespass to real property brought herein pursuant to the pendant jurisdiction of the Court.

67. Ms. Coleman realleges and reaffirms the allegations contained in Paragraphs 1 through 34 above as if set forth hereat in full.

68. At all times material hereto, Ms. Coleman was in lawful possession of the Coleman Residence.

69. The entry by Defendants onto the property of the Coleman Residence was unlawful and contrary to the requirements of Oklahoma law.

70. As a result of the above-described trespass to the Coleman Residence, Plaintiff has been damaged. The damages of Plaintiff include, but are not necessarily limited to, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

71. The actions of Defendants were in wanton and reckless disregard for the rights of others to the extent that punitive damages are warranted. Plaintiff reserves the right to amend her pleadings to seek punitive damages upon completion of appropriate discovery and subsequent proffer.

WHEREFORE, Plaintiff, Lindey Coleman, an individual, demands judgment against Defendants, Auto Finance USA, LLC, an Oklahoma limited liability company, and Roco Towing and Recovery, LLC, an Oklahoma limited liability company, for damages, both jointly and severally, together with interest and court costs.

### COUNT V- ACTION FOR VIOLATION TO 42 U.S.C. §1983
*(AS TO BOTH DEFENDANTS)*

72. This is action for violation of 42 U.S.C. §1983.

73. Ms. Coleman realleges and reaffirms the allegations contained in Paragraphs 1 through 34 above as if set forth hereat in full.

74. The Fourteenth Amendment of the United States Constitution protects persons from unlawful seizure.

75. The Fourteenth Amendment of the United States Constitution protects persons from the deprivation of property without due process of law.

76. Ms. Coleman objected to the seizure of her vehicle and had a statutory and constitutional right to the possession of her vehicle.

77. Defendants, through the Oklahoma City Police Department, under the color of state law deprived Ms. Coleman of her property without due process of law and through the unlawful seizure of the vehicle.

78. The Oklahoma City Police Department assisted in the repossession of the vehicle by the Defendants.

79. Defendants were unable to secure possession of Ms. Coleman's vehicle without the assistance from the Oklahoma City Police Department which forced Ms. Coleman to relinquish her vehicle.

80. The right of Ms. Coleman to continue possession of her property and to object to repossess or take into possession of the car is clearly established in law. *See, e.g., Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 513 (5th Cir. 1980); *Booker v. City of Atlanta*, 776 F.2d 272, 273 (11th Cir. 1985); *Soldal v. Cook County*, 506 U.S. 56 (1992); *Cofield v. Randolph County Commission*, 90 F.3d 468 (11th Cir. 1996); *Woynar v. City of Daytona Beach*, 2012 WL 1110064 (M.D. Fla. 2012).

81. The action of the Oklahoma City Police Department caused Ms. Coleman to be subjected to deprivation of the rights, privileges, and immunities secured by the United States Constitution and entitles Ms. Coleman to actual damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988.

82. Ms. Coleman has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Lindey Coleman, an individual, demands judgment against Defendants, Auto Finance USA, LLC, an Oklahoma limited liability company, and Roco Towing and Recovery, LLC, an Oklahoma limited liability company, for actual and punitive damages,

together with interest, costs, and attorney's fees pursuant to 42 U.S.C. §1988, and for other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, Lindey Coleman, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated this 10th day of June 2021.

/s/ Robert W. Murphy
ROBERT W. MURPHY
1212 S.E. 2nd Avenue
Florida Bar No.0717223
Fort Lauderdale, Florida 33316
T: (954) 763-8660
F: (954) 763-8607
rwmurphy@lawfirmmurphy.com

LOUIS M. GREEN
Oklahoma Bar No 12682
Louis M. Green, Attorney at Law PLLC
325 Dean A. McGee Avenue
Oklahoma City, OK 73102
T: (405) 633-2402
F: (888) 586-8739
louisgreenesq@gmail.com

COUNSEL FOR PLAINTIFF